UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VESO J. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:05-CV-181 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the pleadings [Doc. 18], and the defendant's motion for summary judgment. [Doc. 22]. Plaintiff Veso J. Collins seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's neck pain is considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant's past relevant work as furniture finisher, as usually performed, did not require the performance of work-related activities precluded by his medium residual functional capacity (20 C.F.R. § 404.1565).
>
> 7. The claimant's medically determinable back pain and depression do not prevent the claimant from performing his past relevant work.
>
> 8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. 22).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (quoting Richardson v.

Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

On appeal, plaintiff challenges only the ALJ's findings regarding his alleged mental impairments and argues that because the record overwhelmingly supports disability, the ALJ's decision should be reversed outright and payment of benefits be ordered. He contends that the ALJ replaced the physician's opinion with his own lay opinion, arguing that the ALJ lumped his mental impairments under the impairment of "depression" and failed to recognize the other diagnoses of bipolar disorder and schizoaffective[1] disorder, with visual and auditory hallucinations. He maintains that his treating psychologist Dr. Greenwood diagnosed him with bipolar disorder on at least three occasions and with schizoaffective disorder on four occasions. Moreover, he notes that consultative psychological examiner Dr. Porter[2] diagnosed bipolar disorder, severe with psychotic features; panic disorder with agoraphobia; anxiety disorder, not otherwise specified; social phobia; pain disorder; and avoidant personality disorder. (Tr. 193-94). In sum, plaintiff contends that the ALJ "played doctor" and failed to consider these other diagnoses.

---

[1]Schizoaffective is defined as "pertaining to or exhibiting features of both schizophrenic and mood disorders (mania and depression)." Dorland's Illustrated Medical Dictionary 1607 (29th ed. 2000).

[2]Although plaintiff refers to him as "Dr. Porter" in his brief, Mr. Porter is not a physician or a psychologist, but is a senior psychological examiner. (Tr. 190-94).

3

The Commissioner counters that "the ALJ was well aware of [plaintiff's] impairments, treatments, consultative examinations, and state agency reviews," and that he was diagnosed with anxiety, bipolar disorder, panic disorder, depression, and post-traumatic stress disorder. (Tr. 16-17). The Commissioner argues that although plaintiff appears to imply that these diagnoses are enough to establish disability, she maintains that the issue is not the diagnosis of these conditions, but their impact on plaintiff's ability to work, noting that plaintiff was treated conservatively with counseling and medication. (Tr. 120).

Moreover, the Commissioner points out that plaintiff's credibility was questioned not only by the ALJ, but also by his consulting and treating sources. Specifically, she notes Dr. Greenwood's concern about plaintiff's motivation, stating that he thought "maybe [there was] some investment in maintaining symptoms" (Tr. 250) and notes that Ms. Branton opined several times that plaintiff may not have been putting forth his best effort and that his performance on testing raised questions regarding the veracity of his self-reported symptoms. (Tr. 371). Moreover, the Commissioner points out that plaintiff's testimony was contradictory. She notes that plaintiff testified that he could only sit for five minutes, walk a few yards, and stand for only a few minutes (Tr. 391), but he does not challenge the ALJ's finding that he can perform light[3] work that requires standing/walking for 6 hours in a day. Further, the Commissioner notes that plaintiff testified that his auditory hallucinations involved someone calling his name or giving

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." See 20 C.F.R. § 404.1567(b).

4

him instructions but, when he turned around, no one was there (Tr. 386), yet he told Mr. Porter that he heard his deceased father telling him he was no good and heard people laughing and making fun of him. (Tr. 192). Lastly, plaintiff told consultative psychological examiner Ms. Branton that he had not dated since his wife died in 2002, but he remarried in February 2003 after his wife died. (Tr. 367). The Commissioner maintains that this is not a case in which the ALJ "played doctor," but one in which plaintiff's mental impairments are mild to moderate and were treated conservatively with medication and therapy. Thus, she insists that the record contains substantial evidence to support the ALJ's decision that plaintiff is capable of performing his past relevant work.

The Social Security Act provides that an impairment must be an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Denial of benefits has been supported in cases in which the claimant has failed to bear his burden of proof that he is disabled. Mullins v. Cohen, 408 F.2d 39, 41 (6th Cir. 1969).

After review of the record, I find no merit to plaintiff's argument that the ALJ failed to fully consider his mental impairments. The ALJ thoroughly discussed the psychological evidence of record, noting plaintiff's records from Cherokee Health Systems, two consultative psychological examinations, and a state agency psychological reviewer.[4] (Tr. 13-23) Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990) (substantiality of the evidence must be based on the record as a whole).

---

[4] The psychologist's name is illegible. (Tr. 200, 216).

5

Case 3:05-cv-00181   Document 24   Filed 03/09/06   Page 5 of 9   PageID #: 18

The ALJ cited the Cherokee Health Systems records and Dr. Greenwood's treatment of plaintiff for depression and anxiety, noting that continued therapy and medication were needed for management of symptoms. (Tr. 16, 249). See 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (ALJ considers medication and other treatment in assessing credibility). The ALJ rejected the opinion of Dr. Greenwood that the claimant had a Global Assessment of Functioning ("GAF") of 45 on January 27, 2003 (Tr. 161) because plaintiff had only been treated with Paxil and his problems "were not of such severity at that time." The burden is on the plaintiff to prove a disability, and one logical conclusion is that his problems were not severe because he failed to follow a treatment plan for over a year. (Tr. 17, 160-62). Moreover, by April 9, 2003 plaintiff's GAF scores had improved to 60. (Tr. 20, 261). Also, Dr. Greenwood had remarked that plaintiff had an investment in maintaining symptoms because of the denial of disability benefits. (Tr. 250).

Next, the ALJ discussed the opinion of consultative psychological examiner Ms. Branton. (Tr. 366-75). He noted that although she opined that plaintiff has a "poor" ability to understand, remember, and carry out complex job instructions and that he has a "fair" ability in making occupational and social adjustments (Tr. 373-75), she also stated in her report that plaintiff did not put forth his best effort and she felt that his Wechsler Adult Intelligence Scale-III ("WAIS-III") scores (61 for verbal IQ score, 59 for performance IQ score, and 57 IQ for full scale score) did not represent his true intellectual ability. (Tr. 371). Moreover, she noted that testing indicated that he may have been malingering mental illness and raised questions as to the truthfulness of his self-report in the interview. Id. Thus, the ALJ discounted her opinion

6

regarding limitations because of his WAIS-III scores and testing indicating malingering. (Tr. 21).

The ALJ discussed the evaluation of Mr. Porter, a senior psychological examiner, who performed a consultative examination and indicated diagnoses of bipolar disorder, panic disorder, anxiety disorder, and avoidant personality disorder. He found plaintiff had limitations in his ability to understand and remember, concentrate and persist, and interact socially. (Tr. 190-94). The ALJ rejected the opinion of Mr. Porter as inconsistent with the plaintiff's history of treatment that indicated he improved after taking medication. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984) ("The medical evidence reflected that appellant's impairments were controlled with medication and were not seriously disabling."). His improvement after taking medication is confirmed by records from Cherokee Health Systems and Dr. Vance that plaintiff improved with Paxil (Tr. 134, 141), and Dr. Greenwood of Cherokee Health Systems diagnosed bipolar disorder and noted on April 9, 2003 that plaintiff's medications had been beneficial. Therefore, this implies that medication had improved plaintiff's bipolar as well. (Tr. 152-53). In addition, the ALJ noted that he rejected the opinion of the state agency psychologist because it was not based on plaintiff's history of treatment. (Tr. 21). Lastly, the ALJ observed that Mr. Porter and the state agency psychologist were not aware of Ms. Branton's testing that indicated malingering. (Tr. 21).

The fact that the record contains instances in which plaintiff was diagnosed with bipolar disorder and schizoaffective disorder is not enough to establish a disabling mental impairment, Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir.

1990), because plaintiff bears the burden of proving not only the existence of a medically diagnosed mental impairment, but also its severity and functional impact. Foster v. Bowen, 853 F.2d 483, 488-89 (6th Cir. 1988); 20 C.F.R. § 404.1520(a)(4)(ii). I note that the ALJ at the administrative hearing even pointed out to plaintiff that bipolar disorder and nerve problems are diagnoses and then questioned plaintiff regarding his specific complaints or reasons for seeing Dr. Greenwood, thereby indicating that more than a diagnosis is required for a finding of disability. (Tr. 386). In this case, plaintiff has failed to demonstrate that even if he has any mental impairment from bipolar disorder and/or schizoaffective disorder that it is functionally disabling and cannot be treated conservatively with medication and therapy, as noted earlier.

Clearly, plaintiff's credibility was crucial to the ALJ's decision, and the ALJ, as well as several consulting and treating sources, found plaintiff's credibility lacking. (Tr. 15-21) Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (within the province of the ALJ to resolve conflicts in the evidence and to decide questions of credibility). In light of the foregoing, I find that the ALJ discussed and considered plaintiff's alleged mental impairments and found that the record evidence did not establish any disabling mental impairment. (Tr. 19).

Accordingly, it is hereby **RECOMMENDED**[5] that the plaintiff's motion for judgment on the pleadings [Doc. 18] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 22] be **GRANTED**.

        Respectfully submitted,

          s/C. Clifford Shirley, Jr.
        United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

9

Case 3:05-cv-00181   Document 24   Filed 03/09/06   Page 9 of 9   PageID #: 22